## H. O. LONG V. THE STATE.

No. 8375.   Decided June 27, 1924.

**Possessing Intoxicating Liquor for the Purpose of Sale—Evidence—Hearsay.**

Where the sheriff was permitted to make a statement which he declared was made by the witness Perry Long in the presence of the sheriff and not in the presence of the appellant, and which is inconsistent with the testimony of the defense, and no predicate was laid for the introduction of this testimony and it was purely hearsay, the same is reversible error.

Appeal from the District Court of Howard. Tried below before the Honorable W. P. Leslie.

Appeal from a conviction of unlawfully possessing intoxicating liquor for the purpose of sale; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Jno. B. Little,* and *B. W. Baker,* for appellant.

*Tom Garrard,* Attorney for the State, and *Grover C. Morris,* Assistant Attorney for the State.

MORROW, Presiding Judge.—The offense is the unlawful possession of intoxicating liquor for the purpose of sale: punishment fixed at confinement in the penitentiary for a period of five years.

This is a companion case with that of R. W. Long, No. 8377, recently decided.

The State's testimony is in substance this: The sheriff, his son, and a deputy, upon information received from the witness Blitch, went to a point near the Experiment Farm where they found hidden in the underbrush two five-gallon jars of whisky. Near the whisky they took in custody R. W. Long, the brother of the appellant. Presently the appellant appeared upon the scene, riding in an automobile with Perry Long, the son of R. W. Long. Soon thereafter the witness Blitch appeared, and while in conversation with him, appellant was arrested. Acctording to the State's theory, Blitch had previously made arrangements with the appellant to go to the point mentioned and purchase from him some whisky which the appellant claimed was there in custody of his brother, R. W. Long. Blitch was acting as a detective under the sheriff.

Appellant testified, and his theory, as developed from his testimony, is this: Blitch, whom appellant knew to be a dealer in whisky, in the conversation in Big Springs, had arranged to sell the appellant some whisky. In support of his theory, appellant introduced the witness, Perry Long, whose testimony was in substance that he accepted the invitation of the appellant to ride in his automobile without knowledge of the location of the whisky, and on the way was told by appellant that he was going after some whisky. On cross-examination, Perry Long was required, over the objection of the appellant, to testify that he had been present at the trial of his father which had taken place a few days previous to that of the appellant, and that upon that trial he did not testify. Neither Perry Long nor the appellant was in control of the procedure in the trial of R. W. Long, and we fail to comprehend the reasoning by which the testimony mentioned would be available to the State as a discrediting fact against the testimony of the witness in behalf of the appellant. The case of Doneaner v. State, 58 Texas Crim. Rep., 624, is apparently in point. Doubtless this alone would not suffice as a basis for reversal of the judgment. It was followed, however, by the introduction over the appellant's objection, of a statement which the sheriff declared was made by the witness Perry Long in the presence of the sheriff and not in the presence of the appellant. In that statement the witness gave an account of his presence at the scene of the arrest of the appellant which is not consistent with his testimony upon the trial in that it fails to make mention of the fact that the appellant had told

the witness that he was going after some whisky. No predicate was laid for the introduction of this testimony. It was hearsay and so far as we are able to perceive, it came within none of the exceptions to the rule excluding that character of testimony. It was not usable as original testimony, and in the absence of a predicate, was improperly received. Branch's Ann. Tex. P. C., Sec. 179, and authorities there collated.

There is direct conflict between the witness Blitch and the appellant; and much testimony was introduced to discredit the witness Blitch. Under these conditions, the receipt of the improper testimony upon an important phase of the case cannot be regarded as harmless error in view of the verdict assessing the extreme punishment for the offense.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*